ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUL 08 2010

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| PEWU BEYAN, | CIVIL ACTION |
| Plaintiff, | FILE NO. |
| | **JURY TRIAL DEMANDED** |
| vs. | **1:10-CV-2120** |
| KON LIVE LLC, a limited liability Company, **KONVICT CLOTHING LINE, LLC,** a limited liability Company, **Musah Huseini, individually** and **Aliaune B. Thiam a.k.a AKON,** individually, | |
| Defendants. | |

## COMPLAINT

Plaintiff Pewu Beyan, through his attorney, Stephen M. Katz, for his Complaint, respectfully shows as follows:

### NATURE OF THIS ACTION

1.

This is an action brought under The Fair Labor Standards Act,

1

29 U.S.C. § 201 *et seq.* to recover unpaid overtime compensation, liquidated damages, attorneys fees, and costs.

## **PARTIES**

2.

Pewu Beyan, the named Plaintiff in this action, is an individual and lives in the Northern District of Georgia.

3.

Kon Live, LLC, is a Georgia Limited liability Company with its principal office and place of business at 40 Technology Parkway, South #300, Norcross, GA 30092. Kon Live can be served by delivering a copy of the summons and complaint to its registered agent, Registered Agents Legal Services, LLC, at Suite 310, 900 Old Roswell Lakes Pkwy, Roswell GA 30076.

4.

Konvict Clothing Line, LLC is a Georgia Limited Liability Company with its principal office and place of business at 40 Technology Parkway, South #300, Norcross, GA 30092. Konvict Clothing Line, LLC can be served by delivering a copy of the summons

and complaint to its registered agent, Registered Agents Legal Services, LLC, at Suite 310, 900 Old Roswell Lakes Pkwy, Roswell GA 30076.

5.

Defendant Musah Huseini, is a part owner of Konvict Clothing Line, LLC and can be served by delivering a copy of the summons and complaint to its registered agent, Registered Agents Legal Services, LLC, at Suite 310, 900 Old Roswell Lakes Pkwy, Roswell GA 30076.

6.

Defendant Aliaune B. Thiam a.k.a Akon is a music producer/songwriter and artist. He can be personally served at his address, 13940 Atlanta National Dr. Alpharetta, GA 30004.

7.

Kon Live LLC and Konvict Clothing Line, LLC maintain, and, at all times relevant hereto, maintained offices in the State of Georgia, and transacts and has transacted regular, not isolated, acts of business in metropolitan Atlanta, Georgia as well as nationally and

internationally.

8.

Defendants individually and collectively are engaged in commerce as defined under the FLSA at 29 U.S.C. § 203(b).

9.

Defendants, individually and collectively, are an "enterprise engaged in commerce or in the production of goods or services for commerce" pursuant to the FLSA, 29 U.S.C. § 201 *et. seq.*

10.

At all relevant times, individually and collectively, Defendants have been and remain, an Employer within the meaning of §3(d) of the FLSA, 29 U.S.C. § 203(d), in that they acted ". . .directly or indirectly in the interest of an employer in relation to an employee. . ."

11.

As an employer engaged in commerce, Defendants are subject to the requirements of the FLSA, 29 U.S.C. § 201 *et. seq.*

12.

Defendant at all relevant times was aware of the existence and requirements of the Fair Labor Standards Act, including, without limitation, the duty to pay overtime compensation and the duty to refrain from retaliation against employees who complain about violations of the Fair Labor Standards Act.

## JURISDICTION

13.

Jurisdiction over this action is conferred on this Court by Section 216(b) of the FLSA, 29 U.S.C. § 216(b) as well as 28 U.S.C. § 1331.

## VENUE

14.

Venue is proper in the Northern District of Georgia in that

all of the acts complained of took place in this judicial district.

## FACTS

15.

Plaintiff, Pewu Beyan, was employed by Konvict Clothing Line, LLC, from approximately January 2008 until March, 2010 in Atlanta, Georgia as an Office Manager.

16.

Beyans' job duties while employed with Konvict Clothing Line, LLC included customer service and handling customer issues relating to the online store.

17.

Even though Beyan was an Office Manager, he did not at any time have authority to:

1. Hire, fire or discipline employees in defendant's employ.

2. Create work schedules for any employees; or

3. Make discretionary or executive decisions regarding his job duties.

18.

While employed with Konvict Clothing Line, Beyan consistently worked over 40 hours per week.

19.

Konvict Clothing Line never provided Beyan with overtime compensation for hours worked in excess of 40 in a workweek.

## Claim for Relief

## Violation of 29 U.S.C. § 216(b)

## (FLSA)

20.

Plaintiff repeats and realleges each and every paragraph set forth in paragraphs 1 to 19 as if fully set forth at length herein.

21.

Defendants repeatedly and willfully violated the provisions of §7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2) by employing

Beyan, for work weeks longer than 40 hours without compensating Beyan for work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which Beyan was employed.

22.

Beyan was regularly compelled to work more than 40 hours per week but was not paid overtime compensation as required under the FLSA.

23.

Beyan is not exempt under the FLSA; thus, Defendant was required to pay him overtime compensation for all hours worked each week in excess of 40.

24.

Defendant's violation of the overtime pay requirements set forth in the FLSA was systematic, voluntary and willful.

25.

Defendant owes Beyan overtime pay for work performed but not compensated in an amount to be determined in this action, plus liquidated damages in an equal amount pursuant to 29 U.S.C. § 216(b).

26.

Beyan is entitled to relief shifting the burden of proof to Defendants with regard to the amount of overtime worked because Defendants failed to keep records as required by §§ 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5) and the Department of Labor regulations at 29 C.F.R. § 516.

**WHEREFORE**, Beyan demands relief as follows:

1. That process issue and that Defendant be served according to law;

2. An Order finding that Defendant violated Section 216(b) of the FLSA;

3. Judgment in favor of Pewu Beyan and against Defendant,

jointly and severally, for unpaid overtime compensation together with liquidated damages;

4. Pursuant to Section 216(b) of the Act, judgment in favor of Beyan and against Defendants, jointly and severally, for reasonable attorneys fees;

5. Judgment in favor of Beyan and against the Defendants, jointly and severally, for all taxable and non-taxable costs;

6. Pursuant to the Seventh Amendment to the United States Constitution and Rule 38, F.R.Civ.P., **TRIAL BY JURY** on all claims on which a jury trial is available;

7. Such other, further and different relief as this Court deems appropriate.

This 8th day of July, 2010.

By: _____
Stephen M. Katz
Georgia Bar No. 409065


**THE KATZ LAW GROUP**
Suite 130
255 Village Parkway
Marietta, Georgia 30067-4162

10

Telephone: 404.848.9658
Facsimile: 404.848.9904
E-Mail: smkatz@smk-law.com